## CORRECT TITLE NECESSARY IN PROCEEDINGS IN ERROR.

Circuit Court of Lucas County.

SAMUEL S. RICARD v. GEORGE F. PORTER.

Decided, January 23, 1909.

*Error—Proceeding in Essentially a New Case—Can Not be Instituted in the Name of a Decedent and Executor Thereafter Substituted— Jurisdiction—Service of Summons—Waiver.*

Waiver of service of summons in a proceeding in error against a deceased person by an attorney for the executor of the deceased gives the circuit court no jurisdiction, and the plaintiff in error can not cure the defect by adding or substituting the name of the executor.

*W. A. Gill,* for plaintiff in error.
*Potter & Potter,* contra.

WILDMAN, J.; KINKADE, J., concurs; PARKER, J., not sitting.
Motion to dismiss petition in error.

This case was begun in the court below by Samuel S. Ricard against George F. Porter, but Porter having died pending the suit it was revived as against his executor, Henry E. Fletcher. Instead of bringing the proceeding in error in this court against the executor as defendant in error—the judgment being in his

favor in the court below upon his substitution for the original party who had died—a proceeding was instituted in this court bearing the same title as the case had borne in its inception in the court of comon pleas, to-wit, Samuel S. Ricard against George F. Porter. Counsel seem, by some inadvertance, to have overlooked the fact that a proceeding in error is essentially a new case, requiring a petition and service of summons, or waiver thereof by the defendant; that it is not like an appealed case which goes into the appellate court bearing the same title which it had in the court below, and without the necessity of service of process of any kind upon the defendant. To cure the trouble. plaintiff in error asks leave to amend his petition by adding or substituting the name of the executor for the name of the decedent. We have examined the authorities, which are somewhat meager, bearing upon the question, to determine whether we have jurisdiction upon which we can base any authority to permit the amendment of the petition—which we should be glad to do if we had the power to do it—but we are confronted with the case of *Kennard* v. *Kennard,* 35 Ohio St., 660, where a situation arose not precisely the same, but so near it as to throw great light upon our duty. The syllabus is as follows:

"Proceedings in error can not be instituted in the name of a deceased party; if the heirs or legal representatives of such party seek to institute such proceedings, they must do so in their own names."

The petition in error in the cited case which went up from Butler county to the Supreme Court, was filed on September 22, 1879, to reverse a judgment rendered by the district court of Butler county, April 21, 1877, in favor of George W. Kennard against George G. Kennard. At the time of the filing of the petition in error the nominal plaintiff in error was deceased, he having died on April 8, 1878. Mary Ann Bartlow and others, his heirs at law, moved the court to revive the proceedings in error in their names. The decision is *per curiam.* It is very short and I will read it:

"George G. Kennard, the alleged plaintiff in error, having died before the filing of the petition in error, the attempt to institute a proceeding in error in his name was ineffectual. To

constitute a proceeding in error, there must be a plaintiff in error. If there is no plaintiff in error, the court acquires no jurisdiction of the cause. If the heirs or legal representatives of a deceased party seek to institute proceedings in error they must do so in their own names, and not in the name of the deceased.

"Motion overruled and cause stricken from the docket."

This was a case where the nominal plaintiff in error was the person deceased. In the case before us it is the nominal defendant in error, but the language of the Supreme Court and the reason for it manifestly are as pertinent to the one case as to the other. It is as essential that there should be a *defendant* as that there should be a *plaintiff*, and if there is no defendant in error, then upon parity of reasoning, the court has no jurisdiction of the case. The court there refused the application of the legal representatives to revive the proceeding in error in their names, and that is substantially the same as the attempt which is made here to amend the pleading by substituting the name of the executor for that of the decedent. We see no escape from this case, and, indeed, before discovering it, we felt strongly impelled by our own reasoning to arrive at the same conclusion.

The case of *Kennard* v. *Kennard, supra,* was approved, without report, in *Waldron* v. *Fuchs,* 62 Ohio St., 633. The case of *Smetters* v. *Rainey,* 14 Ohio St., 287, is somewhat in point and it was approved in *Burke* v. *Taylor,* 45 Ohio St., 444, and should be read in connection with the case to which I have referred. The case of *Abair* v. *Bank,* 3 C. C., 290, decided by the circuit court of this circuit, the opinion being pronounced by Judge Scribner, is also to some extent in point. I cite it without reading it.

Our judgment is that the motion for leave to amend the petition should be overruled and that the motion filed by the executor for a dismissal of the petition in error should be sustained.